O

# United States District Court
# Central District of California

| | |
|---|---|
| ALEX DERVAL et al., <br><br> Plaintiff, <br><br> v. <br><br> XALER et al., <br><br> Defendants. | Case № 2:19-CV-01881-ODW (JEMx) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [15]** |

## I. INTRODUCTION

Plaintiffs Alex Derval and Morgan Simmons ("Plaintiffs") move to certify the class in this action seeking relief for Defendant Xaler's alleged violations of the Telephone Consumer Protection Act ("TCPA") ("Motion"). (Mot. for Class Certification ("Mot."), ECF No. 15.) Plaintiffs allege that Xaler caused automated text messages to be sent to their cellular phones without their express consent. (Compl. ¶ 1; Mot. 5.) Xaler opposes. (Opp'n to Mot. ("Opp'n"), ECF No. 32.) For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.[1] (ECF No. 15.)

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Xaler is a cannabis delivery company operating in Los Angeles County, in Santa Monica, Venice, West Los Angeles, Beverly Hills, Culver City, and Marina Del Rey. (Compl. ¶ 12, ECF No. 1; Decl. of Richard Nguyen ("Nguyen Decl.") ¶¶ 1–2, ECF No. 32-1.) Plaintiffs contend that Xaler has a "uniform policy of causing text messages to be sent to consumers' cellular telephones on Xaler's behalf without prior express consent." (Mot. 1, 5.) Plaintiffs assert they and the class they seek to represent have received numerous such unwanted messages despite requests that the messages stop and that these automated text messages violate the TCPA. (Mot. 1, 5.)

Xaler responds that it sends its text message advertisements only to customers who have consented to receive messages from Xaler. (Opp'n 1; Nguyen Decl. ¶ 4.) The messages include the option to text "STOP" and stop receiving the messages. (Opp'n 1; Nguyen Decl. ¶ 4.) However, an issue unique to AT&T customers prevents a "STOP" request from processing and requires AT&T users to manually opt-out through an online web portal. (Opp'n 1, 4; Nguyen Decl. ¶¶ 4–5.) AT&T users continue to receive the text messages until they opt-out through the web portal. (Opp'n 1; Nguyen Decl. ¶ 5.)

In March 2019, Plaintiffs initiated this putative class action asserting two causes of action against Xaler for negligent and willful violation of the TCPA. (Compl. ¶¶ 78–97.) Plaintiffs seek statutory damages and injunctive relief. (Compl. ¶¶ 99–104.) Plaintiffs seek to certify the following class:

> All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one text message using an [automatic telephone dialing system] from [Xaler] between the date of filing this action and the four years preceding, where such text messages were sent and placed for the purpose of marketing where the recipient did not give their express consent to be contacted by [Xaler].

(Mot. 8.) The Motion is fully briefed. (*See* Opp'n; Reply, ECF No. 36.)[2]

---

[2] Plaintiffs object to Xaler's opposition and request that the Court strike it on the basis that the opposition is untimely and thus prejudicial to Plaintiffs' opportunity to reply. (Obj. 2–3, ECF

### III. LEGAL STANDARD

Whether to grant class certification is within the discretion of the court. *Bateman v. Am. Multi–Cinema, Inc.,* 623 F.3d 708, 712 (9th Cir. 2010). A cause of action may proceed as a class action if a plaintiff meets the threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b). *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "Failure to prove any one of Rule 23's requirements destroys the alleged class action." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 675 (S.D. Cal. 1999) (citing *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975)).

Courts should certify a class only if they are "satisfied, after a rigorous analysis," that Rule 23 prerequisites have been met. *Dukes*, 564 U.S. at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). A court may not conditionally certify a class "on the basis of a speculative possibility that it may later meet the requirements." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Nor may a party rest on mere allegations, but must instead provide facts to satisfy Rule 23's requirements. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977). This showing is not onerous: "a district court need only consider 'material sufficient to form a reasonable judgment on each Rule 23(a) requirement.'" *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1005 (9th Cir. 2018) (quoting *Blackie*, 524 F.2d at 901).

---

No. 33.) However, the Court provided Plaintiffs additional time to reply, thereby mitigating any potential prejudice. (Min. Order, ECF No. 35.) Accordingly, the Court declines to strike the opposition. Plaintiffs' request to strike is **DENIED**. (ECF No. 33.)

## IV. DISCUSSION

Plaintiffs' Motion fails at the first step, numerosity. Fed. R. Civ. P. 23(a)(1). Rule 23 requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The numerosity requirement is not tied to any fixed numerical threshold—it requires examination of the specific facts of each case . . . ." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) (internal quotation marks omitted) (noting that a 20-member class, though not precluded, would be "a jurisprudential rarity"). Numerosity may be satisfied "[w]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large." *Turcios v. Carma Labs., Inc.*, 296 F.R.D. 638, 645 (C.D. Cal. 2014). However, the moving party must still "show some evidence of or reasonably estimate the number of class members. Mere speculation as to satisfaction of this numerosity requirement does not satisfy Rule 23(a)(1)." *Schwartz*, 183 F.R.D. at 681; *see also Siles v. ILGWU Nat'l Ret. Fund*, 783 F.2d 923, 930 (9th Cir. 1986) (affirming denial of class certification where plaintiff offered no evidence as to the number of potential class members who suffered harm similar to plaintiff).

Although Plaintiffs allege the proposed class numbers in the thousands (Compl. ¶ 80), Plaintiffs argue in their Motion papers that the number is in the hundreds (Mot. 11) or "at least 20–40" potential class members (Reply 4). Plaintiffs contend that numerosity is met because Xaler has "hundreds of reviews from different customers" online at weedmaps.com. (Mot. 11.) To support this assertion, Plaintiffs submit screenshots of seventy-eight Xaler reviews from weedmaps.com. (Decl. of Alex Derval ("Derval Decl.") ¶¶ 20–21, Ex. C ("Reviews")), ECF Nos. 20, 23.) Plaintiffs argue that hundreds of reviews mean hundreds of Xaler customers, all of whom must have received text messages from Xaler. (Mot. 11.) Plaintiffs contend that common sense dictates at least some of those customers must have received unwanted text messages. (Mot. 11; Reply 5–6.)

Even accepting the authenticity of the website screenshots and assuming for the sake of argument that each review was posted by a different, valid Xaler customer, the Reviews support only that Xaler had seventy-eight customers. The Reviews do not support that any of those customers received unwanted text messages, revoked consent to receive messages, or continued to receive messages after revocation. Evidence of *possible* class membership is not evidence of *actual* numerosity. *See Siles*, 783 F.2d at 930 (affirming denial of certification of class consisting of plan members who were denied benefits where plaintiff presented no evidence as to how many of the 31,000 plan members were denied benefits in circumstances similar to the plaintiff). "The mere fact that there are numerous [Xaler customers], standing alone, is insufficient to show numerosity." *Diacakis v. Comcast Corp.*, No. C 11-3002 SBA, 2013 WL 1878921, at *5 (N.D. Cal. May 3, 2013) (concluding plaintiff failed to meet numerosity requirement based on the fact that there were 649,576 subscribers, where plaintiff did not offer evidence regarding the number of those subscribers who were allegedly misled by defendant). Plaintiffs argue that the class definition also includes non-customers, wrong numbers, and reassigned numbers, but similarly fail to offer any support beyond mere speculation for the existence of potential class members under these criteria. (*See* Reply 4–5.)

Although the Court need only make a "reasonable judgment" based on Plaintiffs' pleadings and supporting evidence, "[r]easonable judgments cannot be made out of thin air; sufficient information to make such a judgment is a required preliminary step." *Schwartz*, 183 F.R.D. at 681 (citing *Blackie*, 524 F.2d at 901). Plaintiffs have failed to provide sufficient information here and, accordingly, have failed to satisfy the numerosity requirement of Rule 23(a)(1).

As the Court finds that Plaintiffs have failed to meet the numerosity requirement, it does not address the remaining requirements for class certification.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Class Certification. (ECF No. 15.)

**IT IS SO ORDERED.**

January 28, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**